15-3787-cv
Serby v. First Alert, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand sixteen.

PRESENT:  JON O. NEWMAN,
          GERARD E. LYNCH,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.

------------------------------------------------------------------------

VICTOR M. SERBY,

                    *Plaintiff-Counter-
                    Defendant-Appellant*,

                    v.                                No. 15-3787-cv

FIRST ALERT, INC., BRK BRANDS, INC.,
                    *Defendants-Counter-
                    Claimants-Appellees*.

------------------------------------------------------------------------

FOR PLAINTIFF-COUNTER-          Victor M. Serby, Esq., *pro se*,
DEFENDANT-APPELLANT:            Woodmere, NY.

FOR DEFENDANTS-COUNTER-         Gerard Schiano-Strain, Jeffrey H.
CLAIMANTS-APPELLEES:            Daichman, Kane Kessler, P.C., New
                                York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.* and Kuntz, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED** for further proceedings consistent with this order.

Appellant Victor Serby, an inventor and attorney proceeding *pro se*, appeals from a final judgment dismissing his complaint against First Alert, Inc. and its subsidiary, BRK Brands, Inc. (collectively "BRK"). In 1992, Serby designed a home smoke detector, the purpose of which was to deter consumers from removing smoke detector batteries and failing to replace them. Serby's smoke detector accomplished this purpose by utilizing a lithium battery, with an approximate lifespan of ten years, and housing it in an "unopenable" case. Serby received a patent on his design in 1995 (the "'434 Patent"). Serby later discovered that BRK was marketing similar smoke detectors, and sued BRK for patent infringement. Serby and BRK subsequently entered into a Settlement Agreement, which required BRK to pay royalties to Serby on all smoke detectors that "incorporate a lithium battery, . . . and which have a battery compartment that is *unopenable* as is defined in Claims 5 or 10 of the ['434] Patent." J. App'x at 51 (emphasis added).

In September 2009, Serby filed the instant suit in Kings County, NY, Supreme Court, alleging that BRK was manufacturing, distributing, and selling various smoke detectors without paying Serby royalties, in breach of the parties' Settlement Agreement. After BRK removed the case to federal court, the district court (Mauskopf, *J.*) concluded that four of BRK's smoke detector models (the "E-Z Access Models") were "openable" and therefore not covered by the Settlement Agreement, and granted partial summary judgment to BRK. However, the court found a genuine dispute of material fact as to whether BRK's remaining smoke detector model (the "SA340 Model") was "unopenable." Following that decision, the district court (Kuntz, *J.*) held a bench trial and concluded that the SA340 model was also "openable." As a result of those decisions, Serby's claim for royalties was dismissed.

The threshold inquiry on appeal, therefore, concerns the proper definition of the term "unopenable." In deciding this question below, the district court held that a "smoke detector is 'unopenable' when the housing of the smoke detector cannot be opened by a consumer without damaging the structure of the case, as necessary to deter physical access to the battery, *i.e.*, a smoke detector with a housing that, once assembled, will not come apart, so as to deter physical access to the battery." *Serby v. First Alert, Inc.*, No. 09-CV-4229 (RRM) (ALC), 2011 WL 4464494, at *6 (E.D.N.Y. Sept. 26, 2011). Serby contends that this was error, and urges us to instead construe "unopenable" as referring to

a "housing which prevents physical access to the battery to deter removal of the battery." Appellant's Br. at 11.[1]

We review *de novo* a district court's partial grant of summary judgment. *Weintraub v. Bd. of Educ. of Sch. Dist. of N.Y.C.*, 593 F.3d 196, 200 (2d Cir. 2010). We review a district court's findings of fact, following a bench trial, for clear error and its conclusions of law *de novo*. *Carco Grp., Inc., v. Maconachy*, 718 F.3d 72, 79 (2d Cir. 2013) (per curiam). We likewise review a district court's interpretation of contract and patent terms *de novo*. *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015) (holding that, where no subsidiary factual dispute exists, appellate court reviews district court's construction of patent *de novo*); *id.* at 837 (confirming that construction of contract generally presents question of law and is reviewed *de novo*).

Courts look to principles of patent and contract law to interpret settlement agreements arising out of earlier claims of patent infringement. *See Panduit Corp. v. Hellermann Tyton Corp.*, 451 F.3d 819, 827–30 (Fed. Cir. 2006). To determine the meaning of a particular term, a court must look to the term's plain meaning in the context of the agreement as a whole. *See Olin Corp. v. Am. Home Assurance Co.*, 704 F.3d 89, 99 (2d Cir. 2012). A court may also look to the underlying patent itself, *see Aceros Prefabricados, S.A. v. TradeArbed, Inc.*, 282 F.3d 92, 97 (2d Cir. 2002) ("Parties to a contract are plainly free to incorporate by reference, and bind themselves *inter sese* to, terms that may be found in other agreements." (internal quotation marks omitted)), including its claims, specification, and prosecution history, *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582–83 (Fed. Cir. 1996). If, after examining the plain meaning of a term, a court concludes that the term is ambiguous, it may consider extrinsic evidence of the parties' intent. *Olin Corp.*, 704 F.3d at 99.

We begin by examining the district court's definition of "unopenable," and conclude that it is incorrect. At trial, Serby demonstrated that he could open one of BRK's earlier models, the SA10YR, easily and without damage to the model's case. Under the district court's definition, Serby's actions would render the SA10YR "openable" for purposes of the Settlement Agreement. Yet BRK paid royalties on the SA10YR for approximately ten years, leading to the inescapable conclusion that both parties considered it "unopenable." Indeed, the SA10YR gave rise to Serby's initial patent infringement suit, and BRK's own brief states that the Settlement Agreement—and

---

[1] Serby also argues that BRK breached the implied covenant of good faith and fair dealing. However, Serby failed to plead this claim in his complaint. Because he was represented by counsel at the time, we decline to consider this issue on appeal. *See Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 67 (2d Cir. 2006) (stating that appellate court will not consider new claim that is absent from complaint).

specifically the term "unopenable"—includes the SA10YR design "by implication." Appellee's Br. at 26. The district court's definition, then, cannot stand.

We next look to the plain meaning of the term "unopenable," and conclude that it is ambiguous. "Contract language is ambiguous if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (internal quotation marks omitted). Here, the term "unopenable" appears only once in the Settlement Agreement, in section four. As described above, that section requires BRK to pay royalties on smoke detectors that "have a battery compartment that is unopenable as is defined in Claims 5 or 10 of the ['434] Patent." J. App'x at 51. Claims 5 and 10, in turn, describe the smoke detector as "comprising a case . . . [that is] unopenable to deter physical access to [the] battery," *id.* at 39, but give no further explanation of the term "unopenable." The specification similarly calls for a case that is "unopenable" in order to "prevent[] physical access" to the battery and to "deter battery removal," *id.* at 38, but otherwise provides no guidance as to the term's precise definition.

In light of the language of the Settlement Agreement and the underlying patent, we are left with the impression that any definition of the term "unopenable" must center on the '434 patent's purpose of deterring access to and removal of the batteries by consumers. And, under any such definition, BRK's E-Z Access models—which plainly instruct consumers how to remove and replace the models' batteries—are unlikely to fall within the scope of the Settlement Agreement.[2] Nonetheless, we conclude, based on the present record, that the term "unopenable" remains capable of more than one meaning. For example, "unopenable" might mean "not capable of being opened by a consumer for the purpose of accessing, removing, and replacing the battery for continued use of the smoke detector." Or, as Serby alleges, it might refer more broadly to a "housing which prevents physical access to the battery to deter removal of the battery." Appellant's Br. at 11. Thus, the term "unopenable" lacks a "definite and precise meaning," rendering it ambiguous. *See Law Debenture Trust Co. v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d Cir. 2010).

When faced with ambiguous contractual language, an appellate court has two options: it may resolve the ambiguity in the contract language "as a matter of law if there is no extrinsic evidence to support one party's interpretation of the ambiguous language or if the extrinsic evidence is so one-sided that no reasonable factfinder could decide

---

[2] Both the SA10YR and SA340 models allow access to the compartments that hold the batteries, but, because the batteries are soldered to the compartments, the batteries cannot be removed or replaced. Thus, in our view, these models would appear to achieve the goal of the '434 patent.

contrary to one party's interpretation," or, it "may remand for the [district] court to consider and weigh extrinsic evidence to determine what the parties intended." *Collins*, 303 F.3d at 433 (internal quotation marks omitted). Here, because the district court found the term "unopenable" to be unambiguous, it did not offer the parties an opportunity to present extrinsic evidence of their intent. Accordingly, we cannot resolve the ambiguity on appeal. *See id.* at 434. We therefore remand the case to the district court to consider and weigh the parties' extrinsic evidence as to the meaning of the term "unopenable."

\*     \*     \*

For the foregoing reasons, we VACATE the judgment of the district court and REMAND for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court