Serby v. First Alert, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand nineteen.

PRESENT:
> JON O. NEWMAN,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

———————————————————————

Victor M. Serby,

> *Plaintiff-Counter-Defendant-Appellant*,

v.                                                          18-2780

First Alert, Inc., BRK Brands, Inc.,

> *Defendants-Counter-Claimants-Appellees*.

———————————————————————

FOR PLAINTIFF-APPELLANT:        VICTOR M. SERBY, pro se, Woodmere, NY.

FOR DEFENDANTS-APPELLEES:        JEFFREY H. DAICHMAN (Gerard Schiano-
Strain, on the brief), Kane Kessler, P.C.,
New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 1995, Victor Serby, an attorney, sued First Alert, Inc. and its subsidiary, BRK Brands, Inc., for infringing on his patent for a long-lived, "unopenable" smoke detector. The parties settled in 1997, with the defendants agreeing to pay Serby royalties for sales of smoke detectors that were "unopenable" within the meaning of the settlement agreement and the patent. In 2009, Serby sued again, alleging that the defendants had breached the settlement agreement by failing to pay royalties on newer smoke detector models. After granting summary judgment for First Alert on some of the models and defining "unopenable" as a detector that would not come apart without damage, the district court held a bench trial on the remaining model, the SA340. It found that the model was "openable" because it could be opened without breaking the housing. Serby appealed pro se, and we vacated the judgment. We found that the district court's definition of unopenable was incorrect, that the term was ambiguous, and that the district court should weigh extrinsic evidence as to the meaning of the term. *Serby v. First Alert, Inc.*, 664 F. App'x 105 (2d Cir. 2016) (summary order).

On remand, the district court held a second bench trial to obtain extrinsic evidence with respect to the meaning of "unopenable." It again concluded that the defendants were not liable because the SA340 permitted a consumer to remove its batteries, which went against the purpose of the "unopenable" smoke detector patent. Serby again appeals pro se. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

"In reviewing a judgment entered after a bench trial," we review findings of fact for clear error and its "conclusions of law, and its application of the law to the facts, *de novo*." *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012). "'Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.'" *Id.* (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)).

## I. Mandate Rule

Serby primarily argues that the district court violated the mandate rule. "The mandate rule compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) (internal quotation marks and emphasis omitted). "[T]o determine whether an issue remains open for reconsideration on remand, the [lower] court should look to both the specific dictates of the remand order as well as the broader spirit of the mandate." *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 671 F.3d 261, 270 (2d Cir. 2012) (internal quotation marks and citations omitted). Here, we determined that the district court's original definition of "unopenable" was incorrect and that the term was ambiguous. *Serby*, 664 F. App'x at 107–08. Our mandate instructed the district court to "consider and weigh the parties' extrinsic evidence as to the meaning of the term 'unopenable.'" *Id.* at 109. The record shows that the district court followed these directives by examining extrinsic evidence, such as Serby's account of the settlement negotiations and the similarities between the SA10YR—a smoke detector model that the parties agreed was "unopenable"—and the SA340.

Serby asserts that the district court did not define "unopenable" consistent with the patent's purpose and relied on its prior definition of "unopenable," which we had rejected in the first appeal. But the district court evaluated the evidence to determine if the SA340 model was designed to meet

3

the purpose of the patent. Further, the district court determined that an unopenable detector, per the purpose of the patent, was one that prevented the removal of the batteries. This is not the same as its prior definition and introduced new criteria based on our decision in *Serby* and the extrinsic evidence presented at the second bench trial.

Serby next argues that the district court treated the settlement agreement as an unambiguous contract, even though this Court had held it to be ambiguous. But the district court did not fail to follow the mandate. The district court relied on another portion of the settlement agreement, which we had not addressed in the first appeal, as unambiguous. Although the second portion of the agreement is also likely ambiguous, we did not reach that issue. The mandate therefore did not foreclose the district court from considering this other portion of the settlement agreement. *See New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 606 (2d Cir. 2003) ("Put simply, the law of the case does not extend to issues an appellate court did not address." (internal quotation marks omitted)).

## II. Merits

"Under New York law, a breach of contract claim requires proof of (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011). "[W]here the contract language creates ambiguity, extrinsic evidence as to the parties' intent may properly be considered." *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 397 (2d Cir. 2009). "[T]he meaning of [an] ambiguous contract is a question of fact for the factfinder." *Id.*

As noted above, we review findings of fact following a bench trial for clear error. *Krist*, 688 F.3d at 95. "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has

been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (internal quotation marks omitted). But reversal is not permitted where "the district court's account of the evidence is plausible in light of the record viewed in its entirety," even if the reviewing court would have decided the case differently *Id.* at 573–74.

The district court determined that "unopenable" referred to whether the detector deterred removal of the batteries and that the SA340's batteries were removable. These findings are supported by evidence in the record. With respect to the meaning of "unopenable," the patent and our mandate both emphasized the need to deter physical access to the battery for the purpose of preventing its removal. *See Serby*, 664 F App'x at 108. The defendants offered evidence that "unopenable" and "openable" in the fire prevention industry refer to the necessity of tools to open the smoke detector. Serby himself demonstrated that the SA340 could be opened, the battery directly accessed and removed, and the entire unit reassembled without the battery, all without the use of tools. In contrast, the SA10YR required a screwdriver to open, and the battery could not be removed without tools to remove the soldering connecting the battery to a circuit board.

Serby contends that the district court erred by failing to weigh properly his testimony with respect to the settlement negotiations. The district court accorded Serby's account little weight because it appeared to contradict the plain terms of the settlement agreement, which did not specify that "openable" detectors have replaceable batteries. But even if the district court should have afforded Serby's account greater weight because that portion of the settlement agreement was ambiguous, it does not mean that the district court's ultimate finding that "unopenable" smoke detectors were ones that deterred battery removal was clearly erroneous.

Serby's account does not bar smoke detector designs outside the four types from being considered openable and did not foreclose the district court from concluding that the SA340 was not

5

"unopenable." Further, the defendants offered evidence that the industry meaning of "openable" and "unopenable" smoke detectors referred to the necessity of tools; the difference is that an "openable" detector does not require the use of tools to disassemble and "unopenable" models do. Ultimately, Serby's argument is that the district court should have weighed his account more heavily, but the district court's factual finding was not clearly erroneous in light of all the evidence. *See Anderson*, 470 U.S. at 574. For the same reasons, Serby's arguments that the district court should have weighed some evidence more, e.g., the SA340's instructions, and some evidence less, e.g., the design differences between the SA340 and SA10YR, are meritless.

In sum, the district court's conclusion that the SA340 permitted removal of its battery by consumers and was therefore not "unopenable" within the meaning of the settlement agreement was supported by evidence in the record. Because factual findings are reviewed for clear error, the district court's findings must stand with respect to the SA340. *See Ceraso v. Motiva Enters., LLC*, 326 F.3d 303, 316 (2d Cir. 2003) ("Even if the appellate court might have weighed the evidence differently, it may not overturn findings that are not clearly erroneous."). For the same reason, we affirm its conclusion that the EZ-Access models are "openable" because the evidence shows that those models permitted easy removal of batteries.

We have reviewed the remainder of Serby's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6